**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**ERIKA M. GRANADO,**

    **Plaintiff,**

**v.**                                                                                              **No. 20-cv-0244 KRS/SMV**

**DAVID WASSON and**
**FLEX LEASING POWER & SERVICE, LLC,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court sua sponte, following its review of Defendants' Notice of Removal [Doc. 1], filed on March 18, 2020, and the Notice of Flex Leasing Power & Service, LLC's Members [Doc. 10], filed on April 15, 2020. The Court has a duty to determine sua sponte whether subject-matter jurisdiction exists. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered each Notice, the applicable law, and being otherwise fully advised in the premises, concludes that Defendants fail to allege the necessary facts of citizenship in order to sustain diversity jurisdiction. Therefore, the Court will order Defendants to file an amended notice of removal no later than **May 18, 2020,** if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

**BACKGROUND**

Plaintiff sued Defendants in state court on February 17, 2020, for damages arising out of a car accident. [Doc. 1-2]. On March 18, 2020, Defendants filed their Notice of Removal under 28 U.S.C. § 1332. [Doc. 1] at 2–4. The Notice asserts that complete diversity exists between

Plaintiff and Defendants and that the amount in controversy exceeds $75,000.  *Id*.  In support of their claim of diversity of citizenship, Defendants allege that "Plaintiff is a resident of Loving, Eddy County, New Mexico" and "Defendant Wasson is a resident of Coryell, Texas."  *Id.* at 2.  They also allege, "Flex Leasing Power & Service, LLC is a Delaware limited liability company with its principal place of business in Colorado.  Its only member is FlexEnergy Power Solutions, LLC, which is also a Delaware limited liability company.  None of [FlexEnergy][1] Power Solutions, LLC's members reside[s] in New Mexico."  *Id.*

The Court held a telephonic Status Conference on April 8, 2020, in which it discussed the Notice of Removal with defense counsel.  [Doc. 8] at 1 (clerk's minutes).  The Court noted that allegations of residence do not establish a party's citizenship and instructed defense counsel "to file a document on the record listing the citizenship—not residence—of each and every one of Defendant Flex Leasing Power & Service, LLC's members by the end of the month."  *Id.*  On April 15, 2020, defense counsel filed a Notice of Flex Leasing Power & Service, LLC's Members.  [Doc. 10].  The Notice of Members states, "FlexEnergy Power Solutions, LLC is the sole member of Flex Leasing Power and Service, LLC."  *Id.* at 1.  Attached to the Notice is a "list of FlexEnergy Power Solutions, LLC's members and their residences."  *Id.*  This list includes nine entities—three individuals, four LLCs, and two limited partnerships.  [Doc. 10-1] at 1.  Flex Leasing Power & Service, LLC does not identify the members of the four LLCs and two limited partnerships on this list or their States of citizenship; it simply notes their addresses.  *See id.*

---

[1] In the Notice of Removal, Defendants spells this entity's name as "Flex Energy Power Solutions, LLC" and "FlexEnergy Power Solutions, LLC."  [Doc. 1] at 2.  Because the Senior Vice President of Flex Leasing Power & Service, LLC spells it as "FlexEnergy Power Solutions, LLC," the Court will use this spelling.  [Doc. 1-5] at 1.

2

**LEGAL STANDARD**

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

**DISCUSSION**

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a) (2018). When a plaintiff files a civil action in state court over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b). Jurisdiction under § 1332 requires diversity of *citizenship*. The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of residence do not suffice. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Domicile, the equivalent of State citizenship, requires more than mere residence; domicile exists only when residence is coupled with an intention to remain in the State indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

Determining the citizenship of a limited liability company or limited partnership is different from determining the citizenship of a corporation under § 1332. A corporation is

3

deemed to be a citizen of the State in which it is incorporated and in which it maintains its principal place of business.  *See* § 1332(c).  Limited liability companies, however, are treated as partnerships for citizenship purposes and are, therefore, citizens of each and every State in which any member is a citizen.  *Siloam Springs*, 781 F.3d at 1234.

Here, the facts set forth in the Complaint and the Notice of Removal do not sufficiently establish the citizenship of Plaintiff or Defendants.  First, both the Complaint and the Notice indicate that Plaintiff is a "resident" of New Mexico and do not mention her domicile.  [Doc. 1] at 1; [Doc. 1-2] at 1.  Second, both the Complaint and Notice of Removal allege that Wasson is a "resident" of Texas—again failing to mention domicile.  [Doc. 1] at 2; [Doc. 1-2] at 1.  Because domicile requires more than mere residence, these allegations do not establish that Plaintiff and Wasson have diverse citizenships.  *See Middleton*, 749 F.3d at 1200.

Third, Defendants' allegations fail to establish the citizenship of Flex Leasing Power & Service, LLC.  The Notice of Removal alleges that Flex Leasing Power & Service, LLC "is a Delaware limited liability company with its principal place of business in Colorado."  [Doc. 1] at 2.  Yet, an LLC's place of registration and principal place of business do not determine its citizenship.  *See Siloam Springs*, 781 F.3d at 1234.  Rather, Defendants must allege that Flex Leasing Power & Service, LLC's members are domiciled in different States than Plaintiff.  *See id.*

Defendants fail to do so.  The Notice of Removal states that Flex Leasing Power & Service, LLC's "only member is FlexEnergy Power Solutions, LLC, which is also a Delaware limited liability company.  None of FlexEnergy Power Solutions, LLC's members reside in New Mexico."  [Doc. 1] at 2.  That FlexEnergy Power Solutions, LLC may be registered in Delaware

4

is irrelevant to its citizenship.  And though its members may not reside in New Mexico, their residences do not determine citizenship; their domiciles do.  *See Middleton*, 749 F.3d at 1200.

Flex Leasing Power & Service, LLC attempted to rectify these mistakes by filing its Notice of Members, but this Notice fails to establish its citizenship for two reasons.  First, it merely lists the members' "residences," not domiciles.  [Doc. 10] at 1.  Second, the Notice of Members indicates that many of Flex Energy Power Solutions, LLC's members include other LLCs and two limited partnerships.  [Doc. 10-1] at 1.  The Notice of Members does not allege the citizenship of the members of these additional LLCs and limited partnerships.  *See Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1180 (10th Cir. 2015) (holding that "the citizenship of any non-corporate artificial entity is determined by considering all of the entity's members").  For example, proper allegations of the citizenship of IC TRF Holdings, LLC—a member of FlexEnergy Power Solutions, LLC, [Doc. 10-1] at 1—would involve a description of the domiciles of each and every member of IC TRF Holdings, LLC.  Because Flex Leasing Power & Service, LLC does not establish that its members are domiciled in different States than Plaintiff, it has not established that diversity jurisdiction exists.

Accordingly, the Court will give Defendants the opportunity to file an amended notice of removal to properly allege the citizenship each and every party at the time the Notice was filed.  Specifically, this amended notice must include:

(1) the domicile or citizenship—not residence—of Plaintiff;

(2) the domicile or citizenship—not residence—of Defendant Wasson; and

(3) the domicile or citizenship—not residence—of each and every member of Defendant Flex Leasing Power & Service, LLC, including the domicile or citizenship of each member of all member LLCs or limited partnerships.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendants amend the Notice of Removal to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **May 18, 2020**.

**IT IS FURTHER ORDERED** that if such an amended notice is not filed by **May 18, 2020,** the Court may remand this action to state court.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**